# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO HATRI WOOTEN,<br><br>        Plaintiff,<br><br>    v.<br><br>WARDEN SCRIBNER, et al.,<br><br>        Defendants. | CASE NO. 1:05-CV-01342-OWW-LJO-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO EXHAUST THE AVAILABLE ADMINISTRATIVE REMEDIES<br><br>(Doc. 1) |

Plaintiff Mario Hatri Wooten ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 11, 2005.

The events at issue in the instant action allegedly occurred at California State Prison-Corcoran, where plaintiff is presently incarcerated. Plaintiff is seeking monetary damages, and alleges that defendants Scribner, Beer, Cano, Junger, Mahoney, Valasquez, Busche, and Yarborough interfered with his right to practice his religion, in violation of the First Amendment.

The events at issue in this action allegedly occurred between August 24, 2005, and September 30, 2005, and plaintiff signed his complaint and dated it October 5, 2005. (Comp., § IV, V.) Plaintiff alleges that he did not file a grievance and that there is not a grievance procedure available at his institution. (Id., § II.)

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are

1

available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing to Booth, 532 U.S. at 739 n.5). Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Plaintiff's allegation that there is not a grievance procedure available at his institution is without merit. The California Department of Corrections provides an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Id. at 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Cal. Code Regs. tit 15, § 3084.5 (2006).

"A prisoner's concession to nonexhaustion is a valid grounds for dismissal . . . ." Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003). In this instance, plaintiff did not exhaust his claim and his attempt to excuse his failure to do so by claiming that there is no grievance procedure is unavailing. The fact that plaintiff drafted his complaint less than a week after the events at issue further supports a finding that plaintiff not only failed to exhaust but could not have made even a good faith attempt to exhaust prior to filing suit. Cal. Code Regs., tit. 15 § 3084.6 (appeals must be submitted within fifteen working days, informal level responses shall be completed within ten working days, and first level responses shall be completed within thirty working days).

Accordingly, the court HEREBY RECOMMENDS that this action be dismissed, without prejudice. 42 U.S.C. § 1997e(a); Wyatt, 315 F.3d at 1120.

///

1    These Findings and Recommendations will be submitted to the United States District Judge
2 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
3 **days** after being served with these Findings and Recommendations, plaintiff may file written
4 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
5 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
6 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
7 1153 (9th Cir. 1991).

9 IT IS SO ORDERED.

10 **Dated:     May 18, 2006**                    /s/ Lawrence J. O'Neill
   b9ed48                                         UNITED STATES MAGISTRATE JUDGE